*277 OPINION OF THE COURT
Per Curiam.
By decision and order on motion of this Court dated January 6, 2012, as amended January 20, 2012, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (1) (1) (i) and (iii), upon a finding that he was guilty of serious professional misconduct immediately threatening the public interest based upon his failure to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District in connection with its investigation into complaints of professional misconduct and other uncontroverted evidence of serious professional misconduct, and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated August 9, 2011. The petition alleged, inter alia, that the respondent was guilty of engaging in conduct prejudicial to the administration of justice, which adversely reflects on his fitness as a lawyer, by failing to comply with legitimate demands of the Grievance Committee and the Nassau County Bar Association made in connection with an investigation into his professional misconduct.
On May 17, 2012, the respondent was personally served with a copy of the decision and order on motion of this Court dated January 6, 2012, as amended January 20, 2012. More than 20 days have elapsed without an answer to the petition having been served and filed as directed by that decision and order on motion, nor has the respondent made any request for an adjournment.
The Grievance Committee now moves to impose discipline against the respondent upon his default in that he failed to submit an answer to the petition dated August 9, 2011. The respondent has neither opposed the Grievance Committee’s motion nor interposed any response thereto.
Accordingly, the Grievance Committee’s motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, EJ, Mastro, Rivera, Skelos and Dillon, JJ., concur.
Ordered that the motion of the Grievance Committee for the Tenth Judicial District is granted; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Timothy F. Daly, is disbarred, and his
*278 name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Timothy F. Daly, shall continue complying with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Timothy F. Daly, is commanded to continue desisting and refraining from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Timothy F. Daly, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).